IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLWIN ORLANDO GREEN, <br> ID # 833953, <br> Petitioner, | § <br> § <br> § <br> § | |
| v. | § <br> § | No. 3:15-CV-884-K-BW |
| DIRECTOR, TDCJ-CID, <br> Respondent. | § <br> § <br> § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Relief from Judgment Through

Independent Action in Equity for Relief Pursuant to Fed. R. Civ. P. 60(d)(1), and

Under 60(b)(1), (b)(3), (b)(4), and 60(d)(3), received on February 3, 2026.  (Dkt. No.

7.)  Based on the relevant filings and applicable law, the Court should **DENY** the

motion.

## I.  BACKGROUND

In 2003, Petitioner Kellwin Orlando Green, a prisoner of the Texas

Department of Criminal Justice, Correctional Institutions Division, filed a habeas

petition under 28 U.S.C. § 2254 challenging a 1998 conviction for aggravated sexual

assault of a child in Case No. F98-01125-U in Dallas County, Texas.  *See Green v.

Dretke*, No. 3:03-CV-1424-K, Dkt. No. 1 (N.D. Tex. June 26, 2003).  In an order and

judgment entered on October 7, 2004, and over Green's objections, the Court denied

---

[1] By Special Order No. 3-251, this habeas case was automatically referred to a magistrate judge for full case management.  (*See* Dkt. No. 1.)  On February 5, 2026, the case was reassigned to the undersigned magistrate judge.  (*See* Dkt. No. 10.)

the petition with prejudice as barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See id.*, Dkt. Nos. 19-20.  On May 25, 2005, the Court denied Green's post-judgment motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  *See id.*, Dkt. Nos. 21, 23.  The United States Court of Appeals for the Fifth Circuit subsequently denied a certificate of appealability on Green's challenges to the denial of his § 2254 petition as untimely and the denial of his Rule 59(e) motion, and the Supreme Court denied his petition for a writ of certiorari.  *See Green v. Quarterman*, No. 05-10824, Dkt. No. 17 (5th Cir. Aug. 11, 2006); *Green v. Quarterman*, No. 06-10487 (June 11, 2007).

On multiple occasions following the Fifth Circuit's denial of a certificate of appealability, Green sought and was denied post-judgment relief from the Court's judgment denying his petition as barred by the statute of limitations.  *See Green*, No. 3:03-CV-1424-K, Dkt. Nos. 31-32, 39-41, 51-52, 68-70.  He appealed each post-judgment denial, and the Fifth Circuit denied a certificate of appealability each time. *See Green v. Quarterman*, No. 08-10129, Dkt. No. 13 (5th Cir. Oct. 20, 2008); *Green v. Thaler*, No. 10-11076, Dkt. No. 24 (5th Cir. Apr. 6, 2011); *Green v. Thaler*, No. 12-10460, Dkt. No. 30 (5th Cir. Nov. 15, 2012); *Green v. Stephens*, No. 15-10316, Dkt. No. 36 (5th Cir. Mar. 18, 2016).  The Fifth Circuit warned and monetarily sanctioned Green for his frivolous and repetitive challenges to his 1998 conviction and sentence and the denial of his § 2254 petition as barred by the statute of limitations.  *See Green*, No. 15-10316, Dkt. Nos. 36-37; *Green*, No. 10-11076, Dkt.

2

Nos. 24-25.  In its most recent sanction order, the Fifth Circuit cautioned Green that "filing any future frivolous, repetitive, or otherwise abusive challenges to this conviction, sentence, or application in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions." *Green*, No. 15-10316, Dkt. Nos. 36-37.

Undeterred, Green has now filed the current post-judgment motion under Federal Rule of Civil Procedure 60, again seeking relief from the judgment denying his § 2254 petition as barred by the statute of limitations.  (*See* Dkt. No. 7.) Specifically, in a 79-page filing, with over 35 pages of exhibits in a separate appendix, Green seeks relief from judgment under subsections (1), (3), and (4) of Rule 60(b) and subsections (1) and (3) of Rule 60(d).  (*See id.* at 1-2; Dkt. No. 8 at 6-44.)  His sole issue presented is "[w]hether the Respondent, Magistrate Judge and District Judge properly calculated the timeliness of Petitioner[']s 28 U.S.C. § 2254 Habeas Petition under A.E.D.P.A.'s one-year limitation period."  (Dkt. No. 7 at 9 (emphasis omitted).)

## II.  FED. R.CIV. P. 60

As noted, Green filed his current motion for relief from judgment pursuant to Rule 60(b)(1), (b)(3), and (b)(4) and Rule 60 (d)(1) and (d)(3).  (*See* Dkt. No. 7 at 1-2.) Under the Rule 60(b) provisions at issue here, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation, or misconduct by an opposing party; or (4) the judgment is void.  Fed. R. Civ. P. 60(b)(1), (b)(3)-(4).  A Rule 60(b) motion

3

must be made within a reasonable time and, for reasons (1) and (3), no longer than one year after judgment was entered.  *See* Fed. R. Civ. P. 60(c)(1).

Rule 60(d) recognizes other powers available to the Court to grant relief; specifically, it provides that Rule 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(1), (d)(3). The burden of establishing Rule 60(b) and Rule 60(d) requirements is on the movant, and a determination of whether that burden has been met rests in the considerable discretion of the Court.  *See, e.g.*, *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011) ("Whether relief should be granted based on fraud on the court under Rule 60(d) is committed to the sound discretion of the district court, and district courts are given wide discretion in denying such motions."); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

### III.  ANALYSIS

Here, Green once more takes issue with the Court's calculation of the one-year limitations period applicable to his petition and the denial of his petition as barred by the applicable statute of limitations under the AEDPA.  He contends that "the judgment was procured by mistakes, fraud, misrepresentations, or other misconduct commit[t]ed by the court, by officers of the court, and the Respondent, who colluded with the court or an officer of the court; its result is a judgment obtained through the corruption of Judicial Officers, which corruption prevented the

4

judicial machinery from performing its usual functions in an impartial manner of adjudging cases presented for adjudication." (*Id.* at 5; *see also id.* at 74.)

Green's allegations fail to establish entitlement to relief under Rule 60(b) or Rule 60(d). As the Court discussed, Rule 60(b) motions seeking relief under subsections (b)(1) and (b)(3) must be made no longer than one year after entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). The challenged judgment denying Green's § 2254 petition as barred by the statute of limitations was entered on October 7, 2004, and his current motion was filed over 21 years after entry of that judgment. The Court therefore should deny any claims under Rule 60(b)(1) and (b)(3) as untimely.

Green's efforts to obtain relief pursuant to Rule 60(b)(4) and Rule 60(d)(1) and (d)(3) fare no better. His bases for relief under these provisions are premised on unsubstantiated speculation and accusations that Respondent, the original Magistrate Judge, and the assigned District Judge engaged in fraud, corruption, and other malfeasance because each was unpersuaded by his repetitive and meritless arguments, purported evidence, and subjective interpretation and application of legal authorities relating to the timeliness of his § 2254 petition.[2] (*See, e.g.*, Dkt. No. 7 at 4-

---

[2] For instance, Green complains that correspondence to and from the Texas Court of Criminal Appeals ("TCCA") shows that he filed his first state habeas application on March 15, 2000, rather than on May 15, 2000, as represented by Respondent and as stated in the recommendation ultimately adopted by the assigned District Judge. (*See, e.g.*, Dkt. No. 7 at 18-22, 38-39, 50; Dkt. No. 8 at 24, 27.) That purported evidence shows that Green sent the alleged March 15, 2000 state habeas application to the wrong court, and therefore does not support—much less establish—that his first state habeas application was properly filed in the state trial court on that date; nor does it establish that the May 15, 2000 date was incorrect. *See* Tex. Code Crim. Proc. art. 11.07(3)(b) ("An application for writ of habeas corpus filed after final conviction in a felony case. . . must be filed with the clerk of the court in which the conviction being challenged was obtained[.]"). The prison mailbox rule does not apply

5, 8-9, 33-48, 54-59, 61-74.)  His unfounded theories and purported evidence of timeliness, recycled by Green in various iterations for over 20 years, are insufficient to satisfy his burden to show entitlement to relief under Rule 60(b)(4) or Rule 60(d)(1) and (d)(3).  The Court therefore should deny relief under Rule 60(b)(4), Rule 60(d)(1), and Rule 60(d)(3) on this basis.

## IV. SANCTIONS

As noted, Green has filed multiple post-judgment motions challenging the 2004 denial of his § 2254 petition as barred by the applicable statute of limitations. The Fifth Circuit has issued two sanction orders against Green and most recently also imposed a monetary sanction.  Green has seen fit to disregard the Fifth Circuit's repeated warnings about his sanctionable filings by again challenging the denial of his § 2254 petition as time barred in the current motion.  *See Green*, No. 15-10316, Dkt. Nos. 36-37; *Green*, No. 10-11076, Dkt. Nos. 24-25.

In light of Green's habeas post-judgment filing history spanning over 20 years and the prior sanctions by the Fifth Circuit, the Court should impose additional sanctions.  Specifically, the Court should bar Green from filing any further post-judgment motions in his closed § 2254 cases that challenge the denial of his § 2254 petition as barred by the statute of limitations, and from filing, either directly or indirectly, any future civil action in this district—including habeas petitions and civil rights complaints—that challenge his 1998 state conviction or the denial of his § 2254

when a prisoner has failed to properly address outgoing mail. *See Medley v. Thaler*, 660 F.3d 833, 837 (5th Cir. 2011).

petition as barred by the statute of limitations, unless he first obtains leave of court to so file from a United States District Judge or a United States Magistrate Judge in this district, through a proper motion for leave to file the post-judgment motion or civil action.

## V.  RECOMMENDATION

The Court should **DENY** the Motion for Relief from Judgment Through Independent Action in Equity for Relief Pursuant to Fed. R. Civ. P. 60(d)(1), and Under 60(b)(1), (b)(3), (b)(4), and 60(d)(3), received on February 3, 2026 (Dkt. No. 7).

Further, the Court should impose sanctions **BARRING** Green from filing any further post-judgment motions in his closed § 2254 cases that challenge the denial of his § 2254 petition as barred by the statute of limitations, and from filing, either directly or indirectly, any future civil action in this district—including habeas petitions and civil rights complaints—that challenge his 1998 state conviction or the denial of his § 2254 petition as barred by the statute of limitations, unless he first obtains leave of court to so file from a United States District Judge or a United States Magistrate Judge in this district, through a proper motion for leave to file the post-judgment motion or civil action.

**SO RECOMMENDED** on June 5, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  _See_ 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  _See Douglass v. United Services Automobile Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996), _modified by statute on other grounds_, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).